MICHAELS ENTERPRISES, INC., ET AL.
v. UNITED STATES.

No. 571.  Decided March 9, 1964.

*Morris A. Shenker* and *Murry L. Randall* for petitioners.

*Solicitor General Cox, Assistant Attorney General Miller* and *Beatrice Rosenberg* for the United States.

PER CURIAM.

Petitioner James A. Michaels, Jr., is president of petitioner Michaels Enterprises, Inc., a corporate retail dealer in alcoholic beverages.  Petitioners were convicted by a jury in the Eastern District of Missouri on both counts of a two-count indictment.  The first count charged them with failure to "produce" or to "preserve" certain purchase records, in violation of 72 Stat. 1400, 26 U. S. C. § 5603 (b)(5).  The second count charged them with failure "to keep" certain purchase records or "make required entries therein" in violation of 72 Stat. 1400, 26 U. S. C. § 5603 (b)(1).  Petitioner James A. Michaels, Jr., was sentenced to imprisonment for one year and fined $1,000 on the first count;* he was fined an additional $1,000 on the second count.  Petitioner Michaels Enterprises, Inc., was fined $1,000 on each of the two counts.

---

*This is the maximum penalty provided by the statute.

The critical issue, as we see it, is whether the record contains sufficient evidence of violations of the two counts to support the imposition of nonconcurrent sentences. The Court of Appeals for the Eighth Circuit refused to consider the "question of sufficiency of the evidence to support the verdict," on the ground that petitioners "did not move for an acquittal at the close of all the evidence." 321 F. 2d 913, 917. The record clearly shows, however, that petitioners did move for "judgment of acquittal at the close of all the evidence," as well as "at the close of the government's case."

The writ of certiorari is granted, the judgment of the Court of Appeals is vacated, and the case is remanded to that court for consideration of the sufficiency of the evidence.

*It is so ordered.*