**UNITED STATES of America**

**v.**

**Joseph WEAVER, Appellant.**

**No. 71–1172.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 28, 1972.

**826**

Mr. Malcolm Lassman, Washington, D. C. (appointed by this court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, and John A. Terry, Herbert B. Hoffman and Barry W. Levine, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

■■ This is an appeal from a judgment on a conviction for unlawful possession of a narcotic drug (cocaine) in violation of 33 D.C.Code § 402. Although the statute does not contain the term, the offense prohibited by the law is a knowing possession of the drug. Appellant claims plain error in the judge's failure adequately to instruct the jury on this element of the crime. The judge both read from the indictment, which charged that defendant did "knowingly" possess a narcotic drug, and instructed that one of the elements of the crime was that "the defendant knowingly" had cocaine in his possession.

■ The evidence, viewed most favorably to the Government, was sufficient for a reasonable man to conclude there was no reasonable doubt of knowing possession. Defendant was a passenger in a car which was stopped by the police, and was parked alongside the parking lot at the carryout shop at Farragut Street and Georgia Avenue. While the driver and police officer were in conversation, defendant walked past the scout car, where Officer Penn had remained seated. Officer Penn testified: defendant continued down the street past the vacant parking lot to the corner, where he stopped momentarily, turned and looked back at the scout car; he then went east on Farragut alongside the parking lot to an alley where he stopped again, looked in the direction of the scout car, and proceeded south in the alley behind the carryout. He was out of sight momentarily, and when he reappeared he was seen standing for some 10–15 seconds at the rear of the carryout shop standing at the corner of the building. The officer could see the left side of his body; defendant's left hand was alongside the zipper of his trousers, and his right hand apparently up against the wall. Officer Perin lost sight of him for a moment. Then defendant reappeared at the same point, in a peeking position, looking out from the corner, then "leaned to his right and downward," the officer could see him "placing something," and defendant then seemed to straighten up. Defendant then went south in the alley, and in the parking lot towards the cars. Officer Perin investigated, found a wet area where defendant was standing, and saw alongside that area a ledge on which there was a plastic container, with several packages of aluminum foil, found to contain cocaine that would cost $450 if purchased from pushers.

The case is a close one. Cases like these turn on their individual facts.

In this case, while defense counsel elicited that Officer Perin never saw this bag in defendant's hand or possession (Tr. 20–1), he did see defendant leaning down, placing something, straighten up and leave. While the parking lot was a public space, it was then deserted, and there were drugs of some value on a ledge. Defendant's own

testimony is that he had told the person driving his car "the first gasoline station you get to, stop; so I could take a urine," but before he could stop he was flagged by the scout car, so "I just took it on my own and went around the building to take a leak." But defendant "paid no attention" to a gas station across the street. And all of this must be assessed in the context of looking back at the scout car, and peeking.

Cases like these turn on their individual facts. The "throwing" cases require an additional inference and speculation.*

Here, there was a furtive peeking, a bending and placing, a package found on a ledge, and a failure to use the gas station facility. The case is close, but we think there was enough to go to the jury.

Affirmed.

---

* In Malloy v. United States, 246 A.2d 781 (D.C.App.1968), the officers saw defendant make a "quick motion, as if he was throwing something away." In view of the difficulty the officers had finding the silver wrapper, and the fact that the area between the car and hospital was open all to visitors and employees, the court considered it a distinct possibility that the wrapper had been dropped by someone else. In People v. Jackson, 23 Ill.2d 360, 178 N.E.2d 320 (S.Ct. Ill.1967), defendant was not even seen throwing anything; the proof was solely that defendant went to the bathroom and locked the door after the agents entered the apartment, and that the drug was found in an air well that was not only beneath the window but also accessible to tenants of seven other apartments.