Steve S. **SHELTON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 7524.

District of Columbia Court of Appeals.

Argued May 16, 1974.

Decided Aug. 20, 1974.

Gerald Martin Kane, Washington, D.C., appointed by this court, for appellant.

David R. Addis, Asst. U.S. Atty., with whom Earl J. Silbert, U.S. Atty., John A. Terry and Raymond Banoun, Asst. U.S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and FICKLING, Associate Judges.

PER CURIAM:

 Appellant was convicted in a jury trial of two counts of armed robbery (D.C.Code 1973, § 22–2901) and one count of assault with a dangerous weapon (D.C. Code 1973, § 22–502). After reviewing the record and the applicable law, we are of the opinion that there exists no error of law which requires reversal.*

 We think that appellant was not denied effective assistance of counsel because of defense counsel's failure to move pretrial for the suppression of the identifications of appellant by Van Jones at a lineup and by Harold Brown at a two-man show-up. Even assuming that these pretrial identifications were improper, there is abundant evidence of sources independent of these pretrial identifications to support the in-court identification by these witnesses. *See e. g.,* Clemons v. United States, 133 U.S.App.D.C. 27, 408 F.2d 1230 (1968) (en banc), cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969).

We note that appellant's court-appointed attorney on appeal was also his attorney at trial. The government, without taking a position on the propriety of an attorney urging his own ineffectiveness at trial as a ground for reversal on appeal, finds the practice "highly unusual, to say the least." (Brief for Appellee at 4 n. 2.) We think the practice is more than highly unusual.

 It is apparent to us that an attorney has an inherent conflict of interest in such a situation. On the one hand, it is his duty as a member of the bar to argue in behalf of the defendant as vigorously as possible. On the other hand, he has his own self-interest to consider: that is, his reputation as an attorney.

This conflict of interest should be avoided. *Compare, e. g.,* People v. Smith, 37 Ill.2d 622, 230 N.E.2d 169 (1967). In the future, where an attorney has represented a convicted defendant at trial and, as the defendant's attorney on appeal, concludes in good faith that a legitimate issue exists as to the constitutional adequacy of his representation of the defendant at trial, it is the duty of the attorney to move to withdraw as counsel on appeal.

Affirmed.

---

* The trial court did not abuse its discretion in refusing to declare a mistrial with respect to the prosecutor's questioning of appellant's father. *See* Hardy v. United States, 119 U.S. App.D.C. 364, 343 F.2d 233 (1964), cert. denied, 380 U.S. 984, 85 S.Ct. 1353, 14 L.Ed. 2d 276 (1965); McIntosh v. United States, 114 U.S.App.D.C. 1, 309 F.2d 222 (1962), cert. denied, 373 U.S. 944, 83 S.Ct. 1557, 10 L.Ed.2d 700 (1963). The trial court, moreover, properly instructed the jury as to the applicable law pertaining to the case. Further, since the transcript of the sentencing hearing is not a part of the record on appeal, we cannot review the contention regarding the trial court's sentencing of appellant under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b).