Greenlee R. TAYLOR, a/k/a Ricardo J. Taylor, Appellant,

v.

UNITED STATES, Appellee.

Nos. 9662 and 9663.

District of Columbia Court of Appeals.

Argued Nov. 13, 1975.

Decided Nov. 2, 1976.

---

Phillip Leventhal, Bethesda, Md., appointed by this court, for appellant.

Alexia Morrison, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, James F. McMullin and Eugene M. Propper, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before FICKLING and MACK, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

By two separate indictments, appellant Taylor was charged with second-degree burglary, petit larceny and destruction of property,[1] and with first-degree murder and carrying a pistol without a license.[2] Appellant entered not guilty pleas to both indictments. On April 1, 1975, appellant withdrew his earlier not guilty pleas and entered guilty pleas to second-degree murder,[3] attempted burglary and destruction of property.

In return for the pleas, the government dismissed the remaining counts of the indictments and agreed not to allocute or file

---

1. D.C.Code 1973, §§ 22–1801(b), –2202 and –403 respectively.

2. D.C.Code 1973, §§ 22–2401 and –3204 respectively.

3. D.C.Code 1973, § 22–2403.

repeat offender papers pursuant to D.C. Code 1973, § 22–104. During the proceeding, the court questioned appellant extensively in accord with Super.Ct.Cr.R. 11. The prosecution proffered evidence reciting essentially that as to the burglary, appellant was discovered in the act by a policeman; as to the murder, several witnesses could identify appellant as the person who shot and killed the decedent after saying, in effect, "you can't do that to my sister."

After the government's proffer, the court instructed appellant to tell what happened in his own words. Appellant replied that "[h]e molested my sister and created sodomy. I saw him the next day and I shot him and that's it." The court also asked appellant whether he went into the place of the attempted burglary and received an answer of "yes." Being satisfied under Rule 11, the court then accepted the pleas.

On the date originally set for sentencing, appellant, through his counsel, made a motion to withdraw his guilty pleas. Counsel noted that appellant had been advised that this course was unwise. Appellant was asked to comment, and the following transpired:

THE DEFENDANT: I was saying, I would like to change the plea because the defense witnesses in my case can testify for me. I would like to change my plea.

THE COURT: You have been in touch with them?

THE DEFENDANT: I have been in touch with the defense witnesses concerning my case.

The trial court then continued the case in order to consider the motion on the basis of the record.

When the hearing was resumed two weeks later, the court advised that it had checked very thoroughly the transcript of the proceedings recorded at the time of plea on April 1, and that it was ready to rule unless counsel had further information. Both counsel indicated that they had no further information, and the defendant made no attempt to speak. Thereupon, the court announced that it had decided

to deny the motion, based on the fact that the record will substantiate that the defendant clearly understood . . . what he was doing; that he voluntarily made the plea; that, if a plea is voluntarily given, . . . the question of withdrawal is based on voluntariness . . . . . There is no question here involving voluntariness.

Appellant was sentenced, after the motion's denial, to five to thirty years for murder, four to twelve months for attempted burglary and two to six months for destruction of property, all to run concurrently. As error, appellant assigns the denial of his motion for withdrawal of the pleas.

■ A defendant's plea must be knowingly and intelligently made, *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969), and motions for withdrawal of such pleas before sentencing are addressed to the sound discretion of the trial court, which is only reversed for abuse of such discretion. *Jordan v. United States*, D.C.App., 350 A.2d 735 (1976); *United States v. Sambro*, 147 U.S.App.D.C. 75, 454 F.2d 918 (1971); *Davenport v. United States*, 122 U.S.App.D.C. 344, 353 F.2d 882 (1965); *High v. United States*, 110 U.S. App.D.C. 25, 288 F.2d 427, cert. denied, 366 U.S. 923, 81 S.Ct. 1350, 6 L.Ed.2d 383 (1961); *Swift v. United States*, 79 U.S. App.D.C. 387, 148 F.2d 361 (1945). Considering the thorough and appropriate treatment given by the trial court to the inquiry into appellant's pleas pursuant to Rule 11 requirements, we cannot conclude

that the pleas of guilty were other than knowingly and voluntarily entered. However, this is not the only factor to be considered in passing upon a motion to withdraw such a plea prior to sentencing.

■ A motion to withdraw a guilty plea filed prior to sentencing is looked upon more favorably than one filed subsequent thereto. Such a motion should be granted "if *for any reason* the granting of the privilege seems *fair* and *just*." *Kercheval v. United States,* 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927) (emphasis added). "[T]he defendant is entitled to an appropriate hearing before the application can be denied." *United States v. Joslin,* 140 U.S.App.D.C. 252, 257, 434 F.2d 526, 531 (1970). One relevant consideration is whether the grounds urged for withdrawal are tantamount to a claim of legal innocence. *Jordan v. United States, supra.*

■ Here, the trial court articulated only one concern, namely, voluntariness, and no formal hearing was held. We would caution the trial courts that, when faced with a presentencing request for withdrawal of a guilty plea, full inquiry should be made beyond the confines of the Rule 11 hearing. However, in the circumstances of this case, we find no cause for concern. The judge gave the motion his meticulous attention, the defendant was given the opportunity to speak personally, and the reasons given for the change of heart by no means amounted to a claim of legal innocence. The proffered evidence of guilt and the admissions were overwhelmingly convincing, and there is no hint or claim of coercion, ignorance or incapacity. For all these reasons, we find no abuse of discretion in the denial of this motion for withdrawal of the guilty pleas.

The judgment is

*Affirmed.*