**Michael HARLING, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10402.**

District of Columbia Court of Appeals.

Argued Feb. 9, 1977.

Decided May 3, 1977.

---

**1012**

Kenneth Michael Robinson, Washington, D. C., for appellant.

Daniel A. DeRose, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease and John T. Kotelly, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN, YEAGLEY and MACK, Associate Judges.

PER CURIAM:

Appellant was convicted of armed robbery (D.C. Code 1973, §§ 22–2901, –3201) and carrying a pistol without a license (D.C.

Code 1973, § 22–3204) and was sentenced to concurrent terms of imprisonment. On appeal he seeks reversal on the ground that (1) he was denied effective assistance of counsel, and (2) the trial court erred in refusing to order the recusal of the prosecutor. We affirm the conviction.

The genesis of appellant's ineffective assistance of counsel argument is found in an earlier felony murder prosecution of appellant which stemmed from a February 1, 1975 shooting. At that trial, the government introduced evidence through the testimony of several witnesses which revealed that the murder weapon, a handgun, was discovered in appellant's possession on February 10, 1975, when he allegedly committed and was subsequently arrested for the armed robbery which is the subject of this appeal. Specifically, at the murder prosecution the government adduced testimony from the victim of the armed robbery and the two arresting officers explaining the circumstances surrounding the armed robbery which in turn linked appellant to the murder weapon. Appellant was ultimately acquitted of the felony murder charge and was thereafter tried and convicted for the armed robbery.

Appellant now contends that he was denied effective assistance of counsel because of the failure of appellant's trial counsel to timely move for a joinder of the instant armed robbery with the felony murder.[1] This argument suggests that appellant would have been acquitted of the armed robbery had he been tried by the same jury which acquitted him of murder. This reasoning is of course speculative and it is just as easy to suggest that, had joinder been timely sought and permitted at the first trial, conviction may have resulted as to both offenses. Moreover, the argument is based upon an erroneous premise that success is the litmus test of effective assistance of counsel. *See Mitchell v. United States,* 104 U.S.App.D.C. 57, 259 F.2d 787, *cert.*

---

1. The record indicates that an untimely motion for joinder was made but was denied by the trial judge.

*denied,* 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958).

We have examined the record before us and we conclude that appellant has not been denied effective assistance of counsel. *See Angarano v. United States,* D.C.App., 312 A.2d 295 (1973), *petition for reconsideration denied,* 329 A.2d 453 (1974) (en banc); *Cooper v. United States,* D.C.App., 248 A.2d 826, 827 (1969); *Bruce v. United States,* 126 U.S.App.D.C. 336, 379 F.2d 113 (1967).

Likewise, we find no merit in appellant's remaining argument.

One additional factor should be addressed. In 1974 this court instructed, "In the future, where an attorney has represented a convicted defendant at trial and, as the defendant's attorney on appeal, concludes in good faith that a legitimate issue exists as to the constitutional adequacy of his representation of the defendant at trial, it is the duty of the attorney to move to withdraw as counsel on appeal." *Shelton v. United States,* D.C.App., 323 A.2d 717, 718 (1974).

At oral argument had on this appeal on February 9, 1977 appellant's counsel, having acted as trial counsel, expressed directly for the first time his concern as to the propriety [2] of his appearance before the court to argue the issue of ineffective assistance of trial counsel. Because he was permitted to address the merits, and the issues were fully explored by both sides, we have likewise carefully examined the merits. This is not to countenance the breach of duty by counsel in not moving to withdraw.

The judgment appealed from is

*Affirmed.*

---

2. Counsel did suggest in his brief that he would have preferred not to argue his own incompetence and suggested that the Public Defender's Office might be invited to submit a brief.