**Robert Lewis JORDAN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 14274.**

District of Columbia Court of Appeals.

Argued Dec. 11, 1979.

Decided May 5, 1980.

---

Robert J. Pleshew, Washington, D. C., appointed by the court, for appellant.

Pamela M. Sayad, Asst. U.S. Atty., Washington, D. C., with whom Carl S. Rauh, U.S. Atty., and John A. Terry, and David H. Saffern, Asst. U.S. Attys., were on brief, for appellee.

Before GALLAGHER, HARRIS and MACK, Associate Judges.

MACK, Associate Judge:

Robert Jordan appeals his conviction for possession of drugs [1] following a court appearance on a stipulated record. The conviction is vacated and the case is remanded for trial.

On May 9, 1978, at approximately 12:15 a. m., Metropolitan Police officers executed a search warrant at the apartment of one Linda Jordan. Upon entering the living room, the officers discovered Miss Jordan and one Michael Stover seated on a couch and appellant seated on a radiator. [2] All three were within arm's length of a coffee table from which the police seized envelopes and tin foil containing marijuana and phencyclidine. All three were placed under arrest.

Linda Jordan and Michael Stover filed a motion to suppress tangible evidence and Stover moved to suppress statements made to the police. Appellant was not a party to those motions, which were both denied after hearing.

Subsequent to the suppression proceedings, all three defendants and their attorneys signed a stipulation of facts. The factual information relating to appellant is expressed in the following excerpt from the stipulation:

Defendant Robert Jordan was seated nearby [the couch] on a radiator. All three defendants were within arms [sic] reach of a coffee table where the officers found a usable quantity of marijuana and phencyclidine in plain view. [3]

The stipulation further specifies that the apartment was leased by defendant Linda Jordan, who lived there alone with her infant. [4] It states that a revolver was recovered from the couch on which defendants Stover and Linda Jordan had been sitting. Stover admitted ownership of the gun.

On the basis of these stipulated facts the three parties appeared before a trial judge [5] for a bench trial. At the outset, an unidentified attorney indicated he was "standing in" for Mr. Jordan's counsel. He said nothing further on behalf of appellant. The judge stated his view that there were no factual defenses, and described the purpose of the proceedings as similar to those for a guilty plea. He explained that the only way to appeal the adverse suppression rulings was to have a trial; that he would find all three guilty on the basis of the stipulated facts. If they won their appeal, the

---

1. Appellant was convicted of possession of phencyclidine in violation of D.C.Code 1973, § 33–702(a)(4) and possession of marijuana in violation of D.C.Code 1973, § 33–402. Two codefendants, Linda Jordan and Michael Stover, were also convicted of the same offenses. Additionally, Stover was convicted of misdemeanor offenses based on his possession of a pistol and ammunition. Both codefendants have noted appeals raising different issues, unrelated to appellant's case.

2. The record does not indicate that appellant and Linda Jordan are in any way related, although it was revealed at oral argument that they are brother and sister.

3. This statement is not completely consistent with the sworn Return on the warrant, which described the items recovered from the coffee table as two manila envelopes, tin foil containing green weed, cigarette paper containing green weed, and two brown envelopes containing green weed. Thus it is not clear that the drugs themselves were in "plain view." This distinction takes on some importance since it must be shown that appellant's possession, which could only be constructive, was knowing. See note 8 infra.

4. At Linda Jordan's suppression hearing, an officer testified that substantial additional quantities of marijuana were found in the bedroom of the apartment; additional phencyclidine was discovered in the freezer. Appellant was not charged with possession of these amounts.

5. The trial judge had not presided over either of the pretrial hearings.

three defendants would be free. At that point the following colloquy took place:

COURT: Okay. Do you gentlemen understand?

MR. JORDAN: May I say something, your Honor?

.    .    .    .    .

COURT: Okay, Mr. Jordan.

MR. JORDAN: Like, at the time of this here—

COURT: Your're not pleading guilty. You're not pleading guilty at all.

MR. JORDAN: Well, I'm saying at that time I was a visiting student there, and from what the charges say I had these things in my possession—

COURT: Well, possession, under the law, means actual or constructive .   .. It's an intent to exercise dominion.

.   .   . [A]nd the Government has to prove beyond a reasonable doubt that you knowingly possessed it. However, possession, all three of you could possess the same thing   .   .  ..               .

MR. JORDAN: At that time, I was visiting. I had no knowledge of what was there, your Honor.

COURT: Well, if you feel you have a defense to the charge, you shouldn't enter a stipulated trial, because I will not listen to a defense in connection with this matter. I will treat it as the record being as it is without hearing a defense that you're innocent. I will not even get into that, because the stipulation, in effect says we're guilty, but the Government

had violated our rights and we want the higher court to show that they did.

Whereupon the court found all three guilty.

On this appeal appellant is represented by his counsel who was absent at the "bench trial" proceedings. Counsel argues that mere presence in the apartment of another is insufficient to demonstrate constructive possession of the illegal drug.[6]

█ While the sufficiency of the evidence is clearly a troublesome one,[7] we need not explore that issue here, because the record presents a more fundamental defect. The fact is that appellant has not been afforded the opportunity to explore that or any issue at trial.[8] The stipulated facts are concerned almost entirely with the much stronger case against Stover and Linda Jordan. No motion for judgment of acquittal was made on behalf of appellant. Appellant was not represented by his own counsel at the proceedings. He attempted to alert the judge to the possibility of a defense but to no avail.

Appellant was not even a party to the suppression motions which, in the view of the trial judge, provided the only bases for appeal. Thus appellant, using this logic, had no appeal to take. He was, in effect, pleading guilty without any of the procedural protections including the assistance of counsel required to insure that the decision is knowingly and intelligently made.

In our view, appellant has not had a trial. Accordingly, his conviction is

---

6. Counsel does not argue in this court that appellant's Sixth Amendment right to counsel was violated, nor could he effectively do so, despite the fact that it is clear that appellant had no representation at the "bench trial" proceedings. This court has mandated that "when, on appeal, a good faith, legitimate issue of ineffective assistance of counsel exists, trial counsel should move to withdraw as counsel on appeal." *Reavis v. United States,*, D.C.App., 395 A.2d 75, 79 n.3 (1978). *See Harling v. United States,* D.C.App., 372 A.2d 1011, 1013 (1977); *Shelton v. United States*, D.C.App., 323 A.2d 717, 718 (1974).

7. During oral argument, the government conceded that because of the constructive possession issue, this is a close case on the merits.

8. Possession can be either actual or constructive. In order to show constructive possession of the drugs by appellant, our cases require something more than mere presence and proximity to the illegal drugs. The government must show both knowledge of the presence of the drugs, and an ability or right of appellant to exercise dominion and control over them. *United States v. Weaver,* 148 U.S.App.D.C. 3, 4, 458 F.2d 825, 826 (1972); *United States v. Holland,* 144 U.S.App.D.C. 225, 227, 445 F.2d 701, 703 (1971). *See generally United States v. Staten,* 189 U.S.App.D.C. 100, 581 F.2d 878 (1978) for a complete discussion of constructive possession case law.

*Vacated and the cause remanded for trial.*

HARRIS, Associate Judge, concurring in part and dissenting in part:

I agree with my colleagues that a remand is appropriate. However, I would not set aside the convictions, but rather would remand the record for a hearing as to whether appellant knowingly and intelligently entered into the stipulation which formed the basis for the findings of his guilt. I write this statement in part because the majority opinion does not state precisely what reversible error occurred, and in part because of my related belief that it unwarrantedly implies a degree of dereliction on the part of the trial court.

There had been separate hearings on appellant's codefendants' motions to suppress. Thereafter, rather than having the same witnesses testify again at a trial, the parties followed the altogether acceptable practice of entering into a stipulation. It read in its entirety:

### STIPULATION

The United States, through its counsel, the United States Attorney for the District of Columbia, and the defendants, Michael Stover, Linda Jordan, and Robert Jordan, through their counsel, agree to the following stipulation of facts:

(1) On May 9, 1978, at approximately 12:15 a. m., officers of the Metropolitan Police Department executed a search warrant at the premises at 251 58th St., N.E., Apartment 34, Washington, D.C.

(2) That apartment is leased to defendant Linda Jordan, who lives there alone with an infant.

(3) Upon entering the living room, the officers saw defendants Michael Stover and Linda Jordan seated on the living room sofa. Defendant Robert Jordan was seated nearby on a radiator. All

three defendants were within arms [*sic*] reach of a coffee table where the officers found a usable quantity of marijuana and phencyclidine in plain view.[1] DEA Chemist Norma Coleman analyzed the drugs seized from the coffee table confirming that they were marijuana and phencyclidine.

(4) On the couch that defendant Stover and Linda Jordan were seen sitting [*sic*], the police recovered a .38 caliber Smith & Wesson Revolver (Serial #2J6323), that was fully operable. This was verified by a test-fire on May 15, 1978. Also on the couch police recovered 10 live rounds of ammunition in the pocket of a blue jacket.

(5) Defendant Stover admitted ownership of the gun and the jacket. He stated that he had bought the gun the day before from a friend. Defendant Stover did not have a license to carry a pistol issued by the police as provided by 22 D.C.Code 3206 nor did defendant Stover have the pistol or ammunition registered in accordance with the Firearms Control Regulation Act of 1975, §§ 201(a), 601, 706.

(6) Nothing in this stipulation is intended to alter the testimony given at the motions hearing or alter defendants' right to challenge the Court's ruling on the motion[s] to suppress.

The facts thus stipulated to rather clearly support the findings of guilt of appellant's codefendants. As to appellant, however, there is some validity to the majority's observation that "the sufficiency of the evidence is clearly a troublesome [issue]."[2] *Ante*, at 875. Defense counsel might well have been pleased by the stipulation; he may have felt that it afforded his client a greater likelihood of ultimate success than a trial would have. Indeed, the exclusive thrust of appellant's brief is that the stipulated facts are insufficient to show a know-

---

1. The "plain view" thus having been stipulated to, it is inappropriate for the majority to look to the return on the search warrant to raise a question with respect thereto. *See ante*, at 874 n.3.

2. *But see* note 5, *infra*.

ing constructive possession of the drugs by him.

The government phrased the issue presented by this appeal quite differently than appellant stated it.[3] The government considers the issue to be:

Whether the trial court committed plain error in failing to enter a judgment of acquittal *sua sponte*, when appellant failed to move at any time for a judgment of acquittal, and when the stipulated evidence showed that appellant and two others were within arm's reach of a coffee table where the arresting officers found a usable quantity of marijuana and phencyclidine in plain view.

Although both appellant and his attorney signed the stipulation, defense counsel was not present at the hearing which led to the approval of the stipulation by the court. Another attorney was "standing in" for him at that proceeding.[4] The trial judge made a considerable effort to ascertain that the three defendants understood the significance of their entering into the stipulation; only a very small portion of the trial judge's careful explanatory remarks are quoted in the majority opinion. Immediately following the last statement by the trial judge which is quoted by the majority (*ante*, at 875), the following statements were made:

MR. ROBERT JORDAN [appellant]: I understand that.

THE COURT: Do you understand it also, the other gentleman? You have to speak out loud, because we're on tape.

MR. STOVER [codefendant]: Yes, I do.

THE COURT: Okay. Do any of you have any question? Do you all wish the Court to sign this stipulation? You, ma'am?

MS. JORDAN [codefendant]: Yes.

THE COURT: And, Mr. Stover?

MR. STOVER: Hm-hm.

THE COURT: All right. The Court will approve the stipulation. The Court finds each defendant guilty as charged, refers the matter to the Probation Department for presentence investigation and report and a date, it doesn't have to be the same date, at counsel's convenience.

ATTORNEY: We've all agreed, your Honor, on December 6th, if that's agreeable with the court.

As the government's statement of the issue recognizes, no motion for a judgment of acquittal was made on appellant's behalf.[5] While appellant's counsel appears to remain satisfied with the stipulation and his argument that it is inadequate to support the convictions, I am sufficiently troubled by counsel's absence from the stipulated trial to be of the opinion that the record should be remanded for a determination as to whether appellant's adoption of the stipulation in lieu of demanding a trial was knowing and voluntary. However, I respectfully dissent from setting aside the conviction and ordering that a trial be held.

---

3. Appellant's brief states the question presented to be as follows:

Was the defendant, by his presence in the apartment of another, guilty of constructive possession of illicit drugs found in the apartment as a result of a search warrant.

4. We do not know the identity of that attorney (other than that he was counsel for one of appellant's two codefendants) because the proceedings were tape recorded and counsel did not state their names.

5. That being the case, a plain error standard of review would be applied in considering a challenge to the sufficiency of the evidence. *See, e.g., In re J.N.H.*, D.C.App., 293 A.2d 878, 879–80 (1972); *Foster v. United States*, D.C.App., 290 A.2d 176, 177 (1972); *Battle v. United States*, 92 U.S.App.D.C. 220, 221, 206 F.2d 440, 441 (1953). *Cf. Michaels Enterprises, Inc. v. United States*, 376 U.S. 356, 357, 84 S.Ct. 783, 784, 11 L.Ed.2d 755 (1964).