David L. LEWIS, Appellant,

v.

UNITED STATES, Appellee.

No. 81–185.

District of Columbia Court of Appeals.

Argued Jan. 12, 1982.

Decided June 16, 1982.

Norman A. Townsend, Arlington, D. C., appointed by the court, for appellant.

Regina C. McGranery, Asst. U. S. Atty., with whom Charles F. C. Ruff, U. S. Atty. at the time the brief was filed, John A. Terry, John R. Fisher, and David W. Stanley, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and FERREN, Associate Judges.

KELLY, Associate Judge:

The issue we decide in this appeal is whether the trial court erred in refusing to appoint substitute counsel to represent appellant on his presentence motion to withdraw his guilty plea when: (1) appellant, who was extremely inarticulate, told the court that his attorney had tricked and lied to him about the content of the government's case against him and the availability of potential defenses; (2) trial counsel substantially corroborated appellant's complaint that he had been pressured into pleading guilty and repeatedly urged the court to appoint new counsel since he was convinced that he was not the proper person to voice appellant's complaints against himself; and (3) the trial court was willing to appoint new counsel to represent appellant at sentencing. Due to the unusual facts of this case, we hold that appellant was denied the assistance of counsel, and the trial judge erred in not appointing new counsel to represent appellant at the hearing on his motion to withdraw the guilty plea. We remand the case with instructions to the trial court to appoint new counsel for appellant to represent him on his motion.[1]

1. In his brief, appellant also alleged that the trial court erred in denying his motion to withdraw his guilty plea. In view of our holding, we do not reach that issue.

## I

Appellant was arrested on July 7, 1978, and charged with rape, D.C.Code 1973, § 22–2801. He was indicted on August 23, 1978, but failed to appear at arraignment. At the September 25, 1978 arraignment, a bench warrant issued for his arrest.

Appellant was arrested almost two years later, and the bench warrant was executed on August 22, 1980. He was arraigned on August 25, on a two-count indictment charging him with rape and sodomy, D.C. Code 1973, § 22–3502. He entered not guilty pleas to both counts and reserved his right to a jury trial which was scheduled for October 28, 1980.

Appellant's first status hearing was held on September 29, 1980, but, because of ongoing plea negotiations, the hearing was continued until October 17, 1980, for possible disposition by plea. However, on October 17, 1980, appellant continued to assert his right to a jury trial, and the case was continued for that purpose until October 28.

When the case was called for trial on October 28, trial counsel informed the court that the government had made a plea offer which he had recommended that appellant accept but that appellant had not indicated his intentions. Appellant was given additional time to consider the plea. During the following hour, the courtroom was cleared while appellant met with his family and trial counsel to discuss whether to accept the plea offer. After this meeting, counsel announced that appellant would enter an *Alford* plea.[2]

After conducting a Rule 11 hearing, the trial judge accepted appellant's *Alford* plea to the lesser charge of assault with intent to commit rape and sodomy. A date was set for sentencing.

At the December 11, 1980 sentencing hearing, trial counsel allocated, followed by the Assistant United States Attorney. When the court asked appellant if he had anything to say before sentencing, appellant indicated that the only reason he had pled guilty was that trial counsel had told him that the case was hopeless and that he had no defense to the charges. Speaking almost incoherently, appellant seemed to say that after listening to the prosecution allocute, he recognized that there were discrepancies in the government's case about which he had not been told. He also said that, given this new information, he thought he would have a defense of misidentification. Appellant asked to withdraw his plea asserting that trial counsel had lied to him about the availability of defenses and expressed his desire to go to trial on the charges.[3]

2. *Alford v. North Carolina*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

3. The actual colloquy between the court and appellant was as follows:

[APPELLANT]: Thank you. First of all, I would like to say, Mr. Ugast, that the charge itself—that I didn't accept what this man had to offer here out of fear of getting the maximum penalty of 15 to life. Nor did I accept it because like he threw in—what was this thing—the Bail Reform Act. I accept it only because this man, my lawyer, he had told me that like either which way it would have went I would have lost, anyway. In other words, he was saying—like what I got from him, he was saying like she was just a woman and she could come into your courtroom and say like I'm the one who did it. Then like the jury would believe her. You'd believe her and I would go to jail. Why? Because I have an assault, just one, on my record. All right.

Not only that, this man here, he was reading off the statement to me that—what the woman supposedly said, it was very interesting to note that like everything that she said there, that it didn't have nothing to do with me as far as like she described the man who had raped her. Said that, he had light sideburns. Is that right? He went further to say like the woman noticed the man who had attacked her was wearing beige pants and a beige shirt. He also went further to say they had the beige pants down there with no button on it. This is when I told him I was wearing blue jeans and a multi-colored shirt. He said that didn't make no difference on the inside of the courts of law.

THE COURT: What are you talking about? Are you talking about [trial counsel]?

[APPELLANT]: Yes, sir. He also told me like the pubical (sic) hairs and things like that, this man didn't want—we filed for—it came out like the pubical hairs—

THE COURT: Sir, I'm having a little trouble following you. You are here for sen-

When asked his position, trial counsel told the court that he was unable to articulate appellant's complaints since appellant was not speaking with him. He argued that appellant should be permitted to withdraw his plea but informed the court that due to the nature of appellant's allegations, it would be improper for him to represent appellant on the motion. The court continued the case so that trial counsel could file a written motion to withdraw the plea.

The motion to withdraw the plea recited the general standard for presentence withdrawal of guilty pleas. It made no mention of any of appellant's complaints about trial counsel's conduct.

At the January 13, 1981 hearing on the motion, trial counsel immediately and repeatedly moved to withdraw as appellant's counsel. He emphasized to the court that since appellant's complaints were directed at him, he was not in a position to make those complaints against himself. He explained that he could not adequately articulate appellant's allegations, nor could he zealously advocate appellant's position. He also told the court that he had been overreaching and may have pressured appellant into pleading guilty, since throughout appellant had maintained his innocence. Additionally, counsel cautioned that a hearing would have to be conducted on appellant's motion and charges of misconduct, and that he would of necessity have to be a witness at that hearing.

After listening to trial counsel, the court asked, "[Y]ou are not prepared to state to this court as a member of the Public Defender Service and an officer of this court that you acted improperly?" Faced with that question, counsel responded, "No, sir."

The court denied appellant's motion, without specifically commenting on the motion to withdraw as counsel, stating that appellant hadn't satisfied the requirements for a presentence withdrawal of a guilty plea. After denying the plea, the court asked appellant if he had anything to say. He replied, "Well, you know, only thing I can see ever since the day one of this—I have been lied and lied to, tricked very unshamably as I pointed out to this man. The only thing I see why I am being incarcerated not so much you saying I am afraid of the time or anything like that there, only way I see I am being locked up is only because I really don't know you lawyers...."

Trial counsel again requested permission to withdraw. The following colloquy took place:

[TRIAL COUNSEL]: Your Honor, if Mr. Lewis's allegation is that I tricked him into pleading, I am not the proper person to raise those kind of problems. He needs another lawyer.

THE COURT: I don't think he says you tricked him. What he is saying I think I understand to be that he feels now that your advice he shouldn't have taken. That is what he is saying. That

---

tence. You are not here to argue with me the case. I don't understand what you are saying. Are you saying you feel you shouldn't have entered a plea of guilty? Is that what you are saying? That's not the issue here.

[APPELLANT]: To be blunt with you then, I would like to withdraw my plea because like he's lying and I would like to go all the way with this. If it's all right with you. If not, you go ahead and give what you want to give me and I will roll with it, like that. I'm telling you I had nothing to do with it. It happened like that.

THE COURT: The kind of plea you entered was one you did not admit your guilt. Apparently there's been a claim you were so intoxicated you didn't remember much about

what you were doing. That's what I was told at the time of your plea. I'm finding this very disturbing and I assume that you and your lawyer discussed this very, very thoroughly. This is a very serious offense.

[APPELLANT]: I understand that, Mr. Ugast. He also have pointed out to me this—this is the first time I have heard of this here. That's why I looked at him like that— in a statement when he was reading it off. They had asked the woman did she notice any kind of liquor or anything on the person's breath or something like this. Ever how that go. She said no. She said she knew he was high off something that just now he said something about liquor. This is the first time I heard this. This is why I looked at him and say, why do you lie.

is the way I interpret it. Whether it was right, wrong, good judgment or bad.

[TRIAL COUNSEL]: There is nobody here to voice Mr. Lewis's complaints against me. I can't do it, and—

THE COURT: His complaints against you as I understand them, sir, are complaints that he has made to me.

[TRIAL COUNSEL]: He used the words tricked and lied to.

THE COURT: I don't view what he is saying in that fashion. I am sorry. I don't view it that way. Unhappy with his lawyer, yes. Tricked, no.

[TRIAL COUNSEL]: He said I tricked him and lied to him, Your Honor. I don't feel I can represent him for sentencing.

THE COURT: I will continue for sentence. I have ruled on the motion. I will give 30 days—we will appoint another lawyer for him. Do you want another lawyer for your sentence, sir?

[APPELLANT]: No, sir. Would you go ahead and give me what you want to give me. Go ahead.

Appellant was sentenced to serve fifty-four months to fifteen years on the charge of assault with intent to commit rape, and thirty months to nine years for sodomy, to run consecutively. This appeal followed.

II

■ A hearing on a motion to withdraw a guilty plea is an integral part of the criminal prosecution, and, therefore, appellant was entitled to the assistance of counsel on his request to withdraw his plea. *See, e.g., Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *United States v. Joslin,* 140 U.S.App.D.C. 252, 255–56, 434 F.2d 526, 529–30 (1970). Appellant contends that he was denied the assistance of counsel on his presentence motion to withdraw his plea since his attorney's conflict of interest made it impossible for him to argue appellant's complaints against himself. We agree that under the unusual facts of this case, the trial court should have appointed new counsel for appellant since: (1) appellant, who

was extremely inarticulate, alleged that trial counsel had tricked him, lied to him and coerced him into accepting the government's plea offer; (2) trial counsel, who substantially corroborated appellant's complaints that he had pressured him into entering the plea, repeatedly urged the court to appoint new counsel since he was convinced that he was not the proper person to advocate appellant's complaints against himself; and (3) the court was willing to continue the case for thirty days and to appoint new counsel to represent appellant at sentencing. Accordingly, we reverse and remand the case to the trial court with instructions to appoint new counsel for appellant to represent him on his motion to withdraw his guilty plea.

■ In *Shelton v. United States,* D.C. App., 323 A.2d 717 (1974), we recognized that an attorney has an inherent conflict of interest when he argues his own ineffectiveness at trial as grounds for reversal of his client's conviction on appeal. On the one hand, it is his duty as a member of the bar to argue on his client's behalf as vigorously as possible; while, on the other hand, he has his own self-interest to consider—*i.e.,* his reputation as an attorney. *Id.* at 718. We concluded that in such a situation it is incumbent upon the attorney to move to withdraw. *Id.; accord, Jordan v. United States,* D.C.App., 414 A.2d 873 (1980); *Harling v. United States,* D.C.App., 372 A.2d 1011 (1976):

The same type of inherent conflict of interest present in *Shelton* exists here. Trial counsel had a duty, which he clearly recognized, to argue zealously on appellant's behalf. He wisely understood, unlike the attorney in *Shelton,* who voluntarily argued on appeal his own ineffectiveness at trial, that it would be impossible for him to adequately perform that duty since appellant claimed trial counsel had tricked and lied to him and pressured him into accepting the plea. Since the court would not permit him to withdraw, he was forced into the untenable position of having to voice appellant's complaints against himself. Yet, because of the conflict of interest, he

could not adequately do so. As we pointed out in *Shelton*, trial counsel had his own self-interest to consider. When asked directly by the trial judge if he had acted unethically, trial counsel not surprisingly answered no.[4]

■ Despite counsel's repeated attempts to bring the conflict to the attention of the court and to withdraw as appellant's counsel, the court denied appellant's motion without seriously inquiring into the alleged conflict and the possibility of prejudice to appellant. This alone was error. As we stated in *Thornton v. United States*, D.C. App., 357 A.2d 429, *cert. denied*, 429 U.S. 1024, 97 S.Ct. 644, 50 L.Ed.2d 626 (1976):

> When a question of the continued effective assistance of counsel is voiced, the court "then has a duty to inquire into [its] basis." While the trial court has broad discretionary authority over motions to appoint new counsel and requests to withdraw, such authority properly may be exercised only on an informed basis. [*Id.* at 434–35; citations omitted.]

The court denied trial counsel's request to withdraw without an adequate basis for doing so. The court made no significant effort to determine the substance of appellant's complaints against his attorney. Although appellant alleged that counsel had tricked and lied to him, the court dismissed his charges by saying that he was merely unhappy with his lawyer. Yet, when the court made that determination on January 13, 1981, it had not even heard from appellant.

■ While it is true that there must be some showing of prejudice or conflict of interest before one can be said to have been denied the assistance of counsel, *McIver v. United States*, D.C.App., 280 A.2d 527, 530 (1971), it is evident from the record that prejudice to appellant existed here. Since

trial counsel's conflict of interest made it impossible for him to advocate appellant's position at the hearing, appellant did not have the assistance of counsel at the hearing on his motion. *See United States v. Joslin, supra* at 256, 434 F.2d at 530 (defendant denied the assistance of counsel on his motion to withdraw guilty plea when appointed counsel, though technically still defense counsel during hearing, although relieved of his appointment at its close, did not support defendant's motion nor make arguments on his behalf). No attorney was present who could express to the court appellant's complaints against counsel which were the primary grounds for withdrawal of the plea. As the transcript of the hearing makes clear, appellant was unable to argue coherently on his own behalf. Since this was a *presentence* motion to withdraw a guilty plea, a more lenient standard of review applies than for motions to withdraw filed after sentencing. *Jordan v. United States*, D.C.App., 350 A.2d 735, 737 (1976); *accord, Taylor v. United States*, D.C.App., 366 A.2d 444, 447 (1976); *Bettis v. United States*, D.C.App., 325 A.2d 190, 195 (1974); *United States v. Joslin, supra* at 257, 434 F.2d at 531, and the motion will be granted if "the granting of the privilege seems fair and just." *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). The guiding hand of new counsel would undoubtedly have made a better case for withdrawal of the plea than appellant did for himself. *United States v. Joslin, supra* at 257, 434 F.2d at 531. On the record before us, it is apparent that appellant was prejudiced because he was denied an adequate hearing on his motion to withdraw his plea based on complaints against his trial counsel.

In holding as we do, we do not mean to imply that trial counsel acted improperly. On the contrary, faced with a difficult situ-

---

4. Moreover, on this record, there appears to be a reasonable likelihood, which trial counsel recognized, that an evidentiary hearing on appellant's charges against trial counsel would be needed. At that hearing, trial counsel would have to testify and defend himself against appellant's charges. Since an attorney has wide

latitude to defend himself or herself against a client's accusations, *Butler v. United States*, D.C.App., 414 A.2d 844, 854 (1980) (en banc) (Ferren, J., concurring in part and dissenting in part), appellant and trial counsel would necessarily be placed in an adversary relationship.

ation, he recognized the conflict and promptly explained the circumstances to the court. He repeatedly requested to withdraw in the best interest of his client since he was convinced that he was not the proper person to represent appellant at the hearing on his motion. Counsel's actions were timely, commendable and proper. *Id.* at 258, 434 F.2d at 532 (MacKinnon, J., concurring). Under such circumstances, the court should have at least seriously inquired into the problem and, in this case, should have acceded to counsel's request and appointed new counsel.

■ At the January 13 hearing, in considering appellant's motion to withdraw his plea and trial counsel's request to withdraw, the court expressed concern about the delay which would result from postponing its ruling on appellant's motion any longer. Yet, after the court denied appellant's motion, it was prepared to continue the case for thirty days and to appoint new counsel for sentencing despite its concern about possible delay. Since the court was willing to delay the case for thirty days for sentencing, there is no reason why it instead could not have appointed new counsel and continued the proceeding for the same length of time for the purpose of having new counsel file a written motion to withdraw the plea. The case was to be delayed anyway; the appointment of new counsel for the purpose of affording appellant adequate consideration of his presentence motion to withdraw the plea would not have added to that delay. Had the trial court appointed new counsel on the motion, appellant's claims against his trial counsel would have received the serious consideration that they deserved. We reiterate what we said in *Farrell v. United States,* D.C.App., 391 A.2d 755 (1978), and *Monroe v. United States,* D.C.App., 389 A.2d 811 (1978), that "in balancing the fundamental nature of the right to counsel against the legitimate concern for expedition of the trial process, the Sixth Amendment interest carries greater weight." *Farrell v. United States, supra* at 761.

*Reversed and remanded.*

FERREN, Associate Judge, concurring:

I concur in Judge KELLY's opinion for the court but would add the following emphasis. At the sentencing, appellant informed the court that the prosecutor's allocution revealed information suggesting misidentification by the complaining witness. Instead of seeking to withdraw his *Alford* plea solely on that ground, however, he stated his complaint as a charge against his lawyer: coercing a plea by "lying" to him, apparently by withholding the information revealed in the prosecutor's allocution. If true, that charge obviously would be a stronger basis for withdrawal of the plea than mere reference to the facts in the prosecutor's allocution.

Under the circumstances, therefore, counsel inevitably was to be a witness at a hearing, most likely in his own defense and thus in favor of the prosecution—a role inconsistent with his continuing as counsel for appellant. *See ante* at 842 n.4.

Were we not to reverse, I assume that appellant eventually would file a motion attacking sentence under D.C.Code 1981, § 23–110, and, accordingly, that eventually he would get a hearing—with new counsel—on the charge made here. *Id.,* § 23–110(c). That would be a greater imposition on court resources, as well as on appellant, than assignment of new counsel now on the plea-withdrawal issue.