## SHANE MARK BEALS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 19797

November 28, 1990 802 P.2d 2

*Law Offices of Jerome M. Polaha* and *John L. Conner,* Reno, for Appellant.

*Brian McKay,* Attorney General; *Noel S. Waters,* District Attorney, Carson City, for Respondent.

# OPINION

*Per Curiam:*

The appellant, Shane Mark Beals, entered a plea of guilty to causing substantial bodily harm to another while driving a motor vehicle under the influence of an intoxicating liquor. However, on the day he was to be sentenced for this crime, Beals filed a motion to retract his guilty plea, and his attorney requested leave of court to withdraw from the case because of an alleged conflict of interest. Beals likewise asked the court to appoint new counsel.

The court refused to appoint new counsel to the case and refused to continue the sentencing hearing. Beals then informed the court that under the circumstances he would represent himself. The district court granted Beals' request to act as his own counsel and allowed Beals' attorney to withdraw from the case.[1]

Immediately thereafter, the district court considered Beals' motion to withdraw the guilty plea, denied the motion, and

---

[1]The following colloquy took place between the court and Beals:

THE COURT: All right. Chronologically, I guess the first thing to handle is the motion to withdraw as counsel, because we have a motion by Mr. Shane Beals for me to allow the substitution of counsel for him
. . . .
Now, with that, Mr. Beals, on his own behalf, and he represents to me with Mr. Ralph Crow's help, has filed something saying he wants to substitute Mr. Ralph Crow and/or his father for [his present counsel].
To the best of my knowledge, Mr. Crow is not allowed to practice law in the State of Nevada, and he, even in filing this for you is not allowed, the Supreme Court said, to the best of my knowledge, he's not able to practice law . . . .
To the best of my knowledge, your father, Mr. Beals, is not licensed to practice law in the State of Nevada. Since he is not licensed to practice law in the State of Nevada, I'm not allowed to have him represent you.
THE DEFENDANT: Well, then, I'll have appointed counsel, Your Honor . . . .
THE COURT: Well, this is the—but see this is the second counsel you've had.
What you seek to do is to delay the trial so you can have me appoint counsel, and I'm disinclined to do so.
THE DEFENDANT: Well, I'm ready to continue on my own, Your Honor, pro se.
THE COURT: Okay, then, you're going to do that because I'm not necessarily entitled or going to delay the sentencing so you can obtain

proceeded to a sentencing hearing. At sentencing, Beals changed his mind and renewed his request for appointed counsel. When this request was denied, Beals asked for a public defender. This request was denied as well, and Beals asked the court to continue sentencing. The request for a continuance was likewise denied. Beals was then sentenced to 15 years at the Nevada State Prison and a fine of $2,000.

A defendant has a sixth amendment right to be assisted by counsel at any critical stage of a criminal proceeding. Brinkley v. State, 101 Nev. 676, 678, 708 P.2d 1026, 1028 (1985). A critical stage of the criminal proceeding includes a sentencing hearing, Cunningham v. State, 94 Nev. 128, 130, 575 P.2d 936, 938 (1978), or any other hearing that will affect the substantial rights of the defendant. Barton v. State, 96 Nev. 267, 268, 607 P.2d 586, 587 (1980). A hearing on a motion to retract a guilty plea can affect substantial rights because the motion may question the validity of the guilty plea and whether or not the plea should be vacated. Accordingly, Beals acted as his own counsel at two critical stages of the proceeding: First, when he represented himself at the hearing to change his plea, and second, at sentencing.

A defendant has the constitutional right to waive the assistance

---

additional counsel, because this has been set for, since October the 12th for sentencing. So there's not going to be a continuance.

THE DEFENDANT: I do not wish to continue—

THE COURT: Pardon? I cannot hear you.

THE DEFENDANT: I do not wish to have [present counsel] represent me at this time, Your Honor.

THE COURT: You're entitled to withdraw, but you'll remain.

[BEALS' COUNSEL]: Thank you, Your Honor.

THE DEFENDANT: I also wish to have the right to counsel at the sentencing. In NRS I have—

THE COURT: Pardon?

THE DEFENDANT: I have the right to counsel at sentencing.

THE COURT: Excuse me. You have a right to counsel, but you filed something Monday saying you wanted Mr. Crow to represent you. He's not entitled to do so. You wanted your father to represent you. He's not entitled to do so.

This has been set for two months. You have rights. Everybody else involved has rights, too, including the victim, sir. This is not going to be continued.

THE DEFENDANT: Okay.

THE COURT: You'll either, you will represent yourself or you could continue with [your present counsel]. That's the choices you have.

THE DEFENDANT: No, Your Honor, I wish to represent myself.

THE COURT: Okay. We'll proceed . . . .

of counsel and act as his own attorney during a critical stage of a criminal proceeding as long as the waiver of counsel is "knowingly and intelligently" made. Faretta v. California, 422 U.S. 806 (1975). The court should determine if the waiver is knowingly and intelligently made with "a penetrating and comprehensive examination" of the waiver and the circumstances surrounding it. Garnick v. Miller, 81 Nev. 372, 376, 403 P.2d 850, 853 (1965), citing Von Moltke v. Gillies, 332 U.S. 708, 724 (1948).

It is apparent from the colloquy that took place between the district court judge and Beals, that the court did not canvass Beals to determine if he knowingly and intelligently waived his right to be assisted by counsel. Accordingly, Beals' sentence is vacated, and the case is remanded to the district court so the court can reconsider the motion to withdraw the guilty plea in a manner consistent with this opinion. Thereafter, if Beals is sentenced, the sentencing hearing must likewise comport with Beals' right to be assisted by counsel, or to be properly canvassed in the event of a requested waiver of counsel.