## S00A0196. FORTSON v. THE STATE.
### (532 SE2d 102)

HUNSTEIN, Justice.

Shedrick Fortson pled guilty to felony murder and firearm possession in January 1998. In February 1998 Fortson filed a motion to withdraw his guilty plea alleging that because his appointed counsel was ineffective his plea was not knowingly and voluntarily entered. Fortson did not have counsel at the time of the hearing on the guilty plea withdrawal. The trial court denied the motion to withdraw. Because Fortson was not informed of his right to be represented by counsel during the plea withdrawal proceedings, we reverse.

Fortson was charged in a 13-count indictment with various crimes arising from the armed robbery and shooting death of Reuben Jackson.[1] With the assistance of appointed counsel, he pled guilty to

---

[1] On January 12, 1998 Fortson was indicted for malice murder, felony murder (two counts), armed robbery, conspiracy to commit armed robbery, kidnapping with bodily injury, criminal attempt to possess cocaine, burglary, false imprisonment (two counts), possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He pled guilty on January 26 to felony murder and possession of a firearm during the commission of a felony, and was sentenced to life imprisonment plus a consecutive probated five-year term. On February 25 Fortson filed a motion to withdraw his plea and on May 22, prior to entry of a final order, Fortson filed a notice of appeal; that case was docketed in this Court on July 15, 1999 as Case No. S99A1528. Because no final judgment had been entered

felony murder and firearm possession and was sentenced to life imprisonment plus a consecutive term of five years to be served on probation. Within 30 days after pleading guilty, and within the same term of court, Fortson filed a pro se motion to withdraw his guilty plea. He asserted ineffectiveness of counsel in the plea proceeding thus claiming that his guilty plea was not knowingly and voluntarily entered. Fortson's motion to withdraw his guilty plea was denied following an evidentiary hearing at which Fortson appeared pro se. Fortson now appeals with the assistance of appointed counsel contending in his sole enumeration of error that the trial court erred in failing to provide counsel to assist in his motion to withdraw the guilty plea, or to conduct an inquiry as to whether he waived the right to counsel.

1. In order to resolve whether the trial court had an obligation to provide counsel or to obtain a constitutionally valid waiver from Fortson, we must first determine whether there is a constitutional right to counsel at a proceeding to withdraw a guilty plea. The United States Supreme Court has held that the Sixth Amendment right to counsel in criminal prosecutions applies to every critical stage in a criminal prosecution. *Gerstein v. Pugh*, 420 U. S. 103, 121 (95 SC 854, 43 LE2d 54) (1975); *State v. Simmons*, 260 Ga. 92, 93 (390 SE2d 43) (1990) (Sixth Amendment right to counsel attaches once judicial proceedings have been initiated). See also *Michigan v. Jackson*, 475 U. S. 625, 629-630 (106 SC 1404, 89 LE2d 631) (1986); LaFave & Israel, Criminal Procedure, Vol. 2, § 11.2 (b), p. 20 (1984). "A critical stage in a criminal prosecution is one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way." *Ballard v. Smith*, 225 Ga. 416, 418 (169 SE2d 329) (1969). Accord *Coleman v. Alabama*, 399 U. S. 1 (90 SC 1999, 26 LE2d 387) (1970); *Hamilton v. Alabama*, 368 U. S. 52 (82 SC 157, 7 LE2d 114) (1961).

In this case, evidence was presented at a hearing in the form of witness testimony and exhibits. Fortson's trial counsel was called as a witness for the State and Fortson was obliged to cross-examine his attorney without the benefit of counsel. The State also cross-examined Fortson and presented arguments opposing the motion to withdraw the guilty plea. The trial court did not inquire whether Fortson intended to waive his right to counsel or whether Fortson desired the assistance of appointed counsel. See *State v. Simmons*, supra at 92 (Sixth Amendment right to counsel does not depend on a

---

in the trial court, the appeal was dismissed without prejudice on September 13. The trial court entered an order denying Fortson's motion to withdraw his guilty plea on September 28. A notice of appeal was filed on October 7, the case was docketed in this Court on October 21, and submitted for decision.

request by the accused); *Roper v. State*, 258 Ga. 847, 849 (1), n. 2 (375 SE2d 600) (1989). Cf. *Parks v. McClung*, 271 Ga. 795 (524 SE2d 718) (1999) (defendants' waiver of the right to counsel valid since it was a knowing and intelligent waiver). The hearing which included introduction of evidence, advocacy by the prosecutor, and a determination of whether a guilty plea was valid, clearly affected Fortson's substantial rights and thus satisfied the test for determining whether the proceeding qualified as a critical stage under *Ballard v. Smith*, supra at 418. Accordingly, because we hold that the plea withdrawal proceeding is a critical stage of the criminal prosecution and that in this particular case there was not a valid waiver of counsel, we conclude Fortson was entitled to counsel to assist him in seeking to withdraw his guilty pleas.

Our holding is supported by Federal and other state courts which have determined that the Sixth Amendment right to assistance of counsel attaches to the preparation and presentation of a motion to withdraw a guilty plea. See *United States v. Sanchez-Barreto*, 93 F3d 17, 20 (1st Cir. 1996); *United States v. Crowley*, 529 F2d 1066, 1069 (3rd Cir. 1976); *United States v. Garrett*, 90 F3d 210, 212 (7th Cir. 1996); *United States v. White*, 659 F2d 231, 233-234 (D.C. Cir. 1981); *State v. Harell*, 911 P2d 1034, 1035 (Wash. App. Div. 1 1996); *Browning v. Commonwealth*, 452 SE2d 360, 362 (Va. App. 1994); *Randall v. State*, 861 P2d 314, 316 (Okl. Cr. App. 1993); *Berry v. State*, 630 So2d 127, 129 (Ala. Cr. App. 1993); *Martin v. State*, 588 NE2d 1291, 1293 (Ind. App. 1992); *Beals v. State*, 802 P2d 2, 4 (Nev. 1990); *Lewis v. United States*, 446 A2d 837, 841 (D.C. App. 1982); *People v. Holmes*, 297 NE2d 204, 206 (Ill. App. 1973); *People v. Skelly*, 281 NYS2d 633, 634 (NY App. 1967); 21A AmJur2d § 1213. But see *State v. Perry*, 1997 WL 269202 at *5, *6 (Ohio App. 11 Dist. 1997), unpublished (holding that counsel is not required at this stage of the proceeding where no evidentiary hearing is conducted); *State v. Jackson*, 874 P2d 1138, 1141-1142 (Kan. 1994) (defendant had no constitutional right to an attorney where his motion failed to raise sufficient questions of law or fact that would require "an evidentiary hearing, legal arguments, and/or briefs of the parties").

Contrary to the State's assertion, a motion to withdraw a guilty plea is unlike an application for writ of habeas corpus to which the right to counsel does not attach. See *Gibson v. Turpin*, 270 Ga. 855 (513 SE2d 186) (1999) (no right to appointed counsel in a death penalty habeas corpus proceeding). Although the objective for granting relief is to correct a "manifest injustice," the two proceedings are substantively different. A habeas corpus proceeding is a collateral, civil action which may be brought after the right to direct appeal is exhausted and the underlying criminal action, including the critical stage of prosecution, has ended. On the other hand, a hearing on a

motion to withdraw a guilty plea involves intricacies of the law and advocacy by the State against the defendant. *Seay v. State*, 220 Ga. App. 418, 419 (469 SE2d 496) (1996). See, e.g., *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996) (motion to withdraw plea is an appropriate vehicle for a guilty-plea defendant to assert a claim of ineffectiveness of counsel, from which there is a right of direct appeal). Because these elements differentiate the guilty plea withdrawal proceeding from the habeas corpus proceeding, we accordingly reject the State's argument that a hearing on a motion to withdraw a guilty plea is analogous to a habeas corpus proceeding such that appointment of counsel would not be necessary.[2] On the contrary, the right to counsel attaches when a defendant seeks to withdraw a guilty plea, thus entitling that defendant to assistance of counsel.

2. Having determined that the trial court had an obligation to inform Fortson of his right to counsel or to obtain a constitutionally valid waiver of counsel in this case, our next inquiry is whether the absence of counsel was prejudicial. The vast majority of courts[3] that have addressed the denial of the right to counsel at this critical stage in a criminal proceeding have reversed and remanded to the trial court with instructions to appoint counsel and conduct a new hearing on the accused's motion for plea withdrawal.[4] Having examined these cases, application of the harmless error doctrine would be inappro-

---

[2] We note that other jurisdictions which have recognized the right to counsel at a plea withdrawal proceeding do not recognize a right to appointed counsel in a habeas corpus action. See, e.g., *Swann v. City of Huntsville*, 471 So2d 1268 (Ala. Cr. App. 1985); *Brown v. Cameron*, 353 F2d 835 (D.C. Cir. 1965).

[3] See *United States v. Sanchez-Barreto*, supra, 93 F3d 17 (remanded with instructions to the trial court to appoint counsel for the accused and conduct a new hearing); *United States v. Garrett*, supra, 90 F3d 210 (affirmed the conviction, but reversed and remanded for re-sentencing because defendant's pro se motion to withdraw guilty plea resulted in a longer sentence); *Browning v. Commonwealth*, supra, 452 SE2d 360 (reversed and remanded the case because defendant was denied right to counsel when his attorney testified at the hearing on the motion to withdraw plea); *Berry v. State*, supra, 630 So2d 127 (voided trial court's denial of motion to withdraw plea and remanded for a new evidentiary hearing on the motion); *Beals v. State*, supra, 802 P2d 2 (sentence was vacated and case was remanded for the court to reconsider the motion to withdraw the guilty plea); *Martin v. State*, supra, 588 NE2d 1291 (reversed and remanded with instructions to conduct a new hearing on motion to withdraw guilty plea); *Lewis v. United States*, supra, 446 A2d 837 (remanded with instructions to appoint new counsel to represent defendant on motion to withdraw guilty plea); *People v. Skelly*, supra, 281 NYS2d 633 (reversed and remanded for a hearing on motion to withdraw plea that conforms to constitutional standards); *State v. Harell*, supra, 911 P2d 1034 (judgment and sentence vacated and remanded for rehearing on motion to withdraw plea).

[4] Two courts have held the harmless error doctrine applicable to the denial of counsel at a motion to withdraw a guilty plea, but only where the defendant does not allege that he is innocent of the crime for which the plea was entered or that his plea was involuntary or where it is clear that the defendant is not entitled to withdraw his plea. *United States v. Crowley*, supra, 529 F2d 1066. See also *Randall v. State*, supra, 861 P2d 314) (court supported the standard set forth in *Crowley* but held it did not apply because the record failed to support that defendant could not withdraw his guilty plea).

priate here because Fortson asserted that his guilty plea was not knowingly and voluntarily entered. Therefore, the absence of counsel in this case would be deemed prejudicial, not harmless. We are instead persuaded by those majority of cases holding that reversal and remand is the appropriate remedy for violations of this constitutional right. Accordingly, we reverse and remand this case to the trial court for a re-hearing on Fortson's motion to withdraw his guilty plea to be conducted in conformity with this opinion.

*Judgment reversed and case remanded. All the Justices concur except Thompson, J., who concurs in part and dissents in part, and Carley, J., who dissents.*

THOMPSON, Justice, concurring in part and dissenting in part.

I fully agree with Division 1 of the majority opinion which holds that a motion to withdraw a plea of guilty brought during the same term of court is a critical stage of the proceedings at which the Sixth Amendment right to counsel attaches. Notwithstanding that ruling, I respectfully dissent to Division 2 because the absence of counsel at the withdrawal proceedings was harmless beyond a reasonable doubt under the circumstances of this case.

This case illustrates the absolute necessity that a trial court conduct a full inquiry on the record at a plea hearing. The fully developed record in this case establishes conclusively that all constitutional protections were afforded the defendant, thus obviating the need for a remand.[5]

"[A]n appellate court, using the appropriate standard, may find in a particular case that error committed by the trial court was constitutionally harmless, without remanding the case for further proceedings." *State v. Hightower*, 236 Ga. 58, 61 (222 SE2d 333) (1976). "A federal constitutional error can be held harmless only if the State shows beyond a reasonable doubt that the error did not contribute to the verdict obtained." Id. at 60, citing *Chapman v. California*, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967). See *United States v. Crowley*, 529 F2d 1066, 1070 (3rd Cir. 1976) (finding harmless error as to the denial of counsel at a plea-withdrawal hearing where innocence was not asserted and record shows no basis for allowing withdrawal of the plea); *Randall v. State*, 861 P2d 314, 316 (Okl. Cr. App. 1993) (adopting the harmless error doctrine stated in *Crowley*, but refusing to apply it where there was no formal record of the guilty plea proceeding).

In his pro se motion to withdraw his pleas of guilty to felony murder and weapons possession, Fortson claims he did not know-

---

[5] Had the record been incomplete, a remand would be necessary.

ingly participate in the plea bargaining process and that he was denied effective assistance of counsel because his attorney misrepresented the terms of the plea. However, the transcript of the plea hearing belies those contentions and conclusively confirms that Fortson's pleas were knowingly and voluntarily entered. The prosecutor provided a detailed recitation of the facts, which Fortson verified. The trial court scrupulously followed the mandate of *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969) and the Uniform Superior Court Rules in ascertaining that the pleas were constitutionally valid.[6] In so doing, the court specifically questioned Fortson concerning his satisfaction with counsel. Fortson acknowledged that he had ample opportunity to discuss any questions he may have had with his lawyer; that counsel reviewed each question on the waiver of rights form with him before obtaining his signature; that there was nothing more he wanted counsel to do for him; and that he was satisfied with counsel's representation. Pursuant to the terms of the negotiated plea, the trial court sentenced Fortson to life imprisonment plus five consecutive years to be served on probation. Both Fortson and his attorney acknowledged that the sentence was consistent with the State's recommendation. Accordingly, I see absolutely no basis upon which Fortson would be entitled to withdraw his guilty pleas. Even now, with the assistance of counsel on appeal, defendant has failed to advance any new support for his claim that his pleas were invalid or to demonstrate how the absence of counsel harmed him. Under the circumstances, an attorney's assistance would not have changed the outcome of the withdrawal hearing.

In addition, Fortson's claim of ineffective assistance of trial counsel was rejected by the court in the order denying the motion to withdraw.

*Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985), established the following test for ineffective assistance of counsel in the context of a guilty plea: 1) the performance of counsel "fell below an objective standard of reasonableness" (quoting *Strickland v. Washington*, 466 U. S. 668, 687-[688] (104 SC 2052, 80 LE2d 674) (1984)); and 2) ". . . defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U. S. at 59.

*Tarwater v. State*, 259 Ga. 516, 517 (383 SE2d 883) (1989). Since Fortson failed to establish either prong of this test, the trial court

[6] See specifically USCR 33.7 to 33.9 and 33.11.

properly exercised its discretion in rejecting the claim of ineffective assistance of trial counsel. See generally *England v. State*, 232 Ga. App. 842 (502 SE2d 770) (1998). Significantly, this ruling is not even challenged on appeal.

Thus, I would hold that the absence of counsel at the plea withdrawal proceedings was constitutionally harmless under the circumstances shown by this record.

DECIDED JUNE 12, 2000.

*James E. Millsaps*, for appellant.

*Alan A. Cook*, District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *H. Maddox Kilgore*, Assistant Attorney General, for appellee.