### A01A2085. HORNE v. THE STATE.
(561 SE2d 491)

MIKELL, Judge.

Curtis Leon Horne was put on trial before a judge and jury in Richmond County on a charge of aggravated assault. He was represented by counsel. After the close of the state's case, counsel informed the court that Horne wished to change his plea to guilty. On December 10, 1997, the trial judge on the record made a lengthy inquiry into the voluntariness of the plea, accepted the plea, and sentenced the defendant. Horne then moved to withdraw his guilty plea. The trial court held two lengthy hearings on November 16, 1999, and December 14, 1999, at which Horne was not represented by counsel. The trial court entered a written order denying the motion, and Horne appealed, again pro se.

In his appeal, Horne raises seventeen enumerations of error, one of which asserts that his conviction should be reversed because he was not informed at the post-trial motion hearing of his right to counsel at that hearing. Under the binding precedent set forth in *Fortson v. State*, 272 Ga. 457 (532 SE2d 102) (2000), we must agree with Horne and remand his case for a rehearing on his motion to withdraw his guilty plea in accordance with the guidelines set forth in *Fortson*, supra.

1. As a preliminary matter, we note that Horne has filed a motion for production of original evidence and a motion to reverse the judgment of the lower court, which pertain to the exclusion of the post-trial hearing transcripts from the original record. By order of this Court, the appropriate transcripts were obtained to consider the merits of the case, rendering Horne's motions moot.

2. The record shows that at Horne's trial, the state presented testimony from the victim, Linda Patricia Utley, that Horne severely beat her on August 26, 1997. Three other witnesses also testified on

behalf of the state: a police officer at the Medical College of Georgia who observed Utley's injuries upon her admission to the hospital; a Richmond County police officer who photographed Utley's injuries; and the Richmond County police officer who photographed Horne's residence on the night of the incident. After the state rested, Horne changed his plea to guilty.

The hearing on Horne's motion to withdraw his guilty plea was held beginning on November 16, 1999, and continuing on December 14, 1999. The record shows that Horne represented himself at the hearing and was not informed of his Sixth Amendment right to counsel. "The United States Supreme Court has held that the Sixth Amendment right to counsel in criminal prosecutions applies to every critical stage in a criminal prosecution." (Citations omitted.) *Fortson*, supra at 458 (1). In *Fortson*, our Supreme Court held that the plea withdrawal proceeding is a critical stage of the criminal prosecution. Id. at 459 (1). The Court also found that the application of the harmless error doctrine was inappropriate in cases where the defendant has not been informed of his right to counsel at this critical stage of the prosecution. Id. at 460-461 (2).

As we understand *Fortson* and prior precedents, they require the presiding judge to inform the defendant on the record (a) that he has a right to the assistance of a lawyer, (b) that if he cannot afford a lawyer, one would be appointed for him, and (c) that it can be dangerous and to his disadvantage to proceed without a lawyer. The presiding judge should then ask the defendant if he wants a lawyer or if he waives his right to have a lawyer. Finally, if the defendant asserts his right to represent himself, the presiding judge should make on the record a finding that the defendant knowingly and intelligently waived his right to counsel. See generally Council of Superior Court Judges, Ga. Superior Court Benchbook, § 4.12 at 4-5, 4-6 (July 1995); Uniform Superior Court Rule 33.2.

We note that *Fortson* was announced on June 12, 2000, several months after the post-trial hearings at issue here. Thus, we are cognizant of the fact that the trial court's responsibilities with respect to the right to or waiver of counsel at plea withdrawal hearings were not clear when the hearings occurred. However, new rules for the conduct of criminal prosecutions "[must] be applied retroactively to all cases, state or federal, pending on direct [appeal] or not yet final. . . ." *Griffith v. Kentucky*, 479 U. S. 314, 328 (III) (107 SC 708, 93 LE2d 649) (1987). Consequently, since no inquiries or findings were made by the trial judge as to Horne's right to or waiver of counsel, we are constrained to remand this case to the trial court for a rehearing on Horne's motion to withdraw his guilty plea, which shall be conducted in conformity with the guidelines set forth in *Fortson*.

3. We do not address Horne's other enumerations of error at this time.

*Judgment reversed and case remanded. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MARCH 12, 2002.

Curtis L. Horne, *pro se.*

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.