A04A0374. KENNEDY v. THE STATE.
(599 SE2d 290)

ADAMS, Judge.

Geraldine Kennedy pled guilty to the offenses of driving under the influence, driving with an unlawful alcohol concentration, and failure to maintain lane. Kennedy later moved, pro se, to withdraw her guilty plea and requested that an attorney be appointed to represent her because she was indigent. The trial court held a hearing on Kennedy's motion to withdraw, but he did not appoint an attorney to represent her or inform her of her right to counsel. Following the hearing, the trial court denied the motion to withdraw the guilty plea, and this appeal followed.

Kennedy contends, and the State agrees, that this case is controlled by *Fortson v. State*, 272 Ga. 457 (532 SE2d 102) (2000), and that the trial court committed reversible error by failing to inform Kennedy of her right to representation at the hearing on her motion to withdraw her guilty plea, by failing to address her previous request for appointment of counsel, and by failing to ascertain whether she waived her right to counsel.

In *Fortson* our Supreme Court held that a proceeding to withdraw a guilty plea is a critical stage of a criminal prosecution, and "the right to counsel attaches when a defendant seeks to withdraw a guilty plea, thus entitling that defendant to assistance of counsel." Id. at 460 (1). Thus, the Court reasoned, the trial court must inform the defendant of the right to counsel and ascertain whether that right has been waived. Id. See also *Murray v. State*, 265 Ga. App. 119 (592 SE2d 898) (2004). The Court in *Fortson* also rejected application of the harmless error analysis, being "instead persuaded by those majority

of cases holding that reversal and remand is the appropriate remedy for violations of this constitutional right. Accordingly, we reverse and remand this case to the trial court for a re-hearing on [Kennedy's] motion to withdraw [her] guilty plea [said hearing] to be conducted in conformity with [the] opinion [in *Fortson*]." *Fortson*, 272 Ga. at 461 (2).

*Judgment reversed and case remanded. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED MAY 7, 2004.

*Carnesale & Delan, Charles C. Flinn*, for appellant.
Geraldine Kennedy, *pro se.*
*Gwendolyn R. Keyes, Solicitor-General, Sandra F. Lekan, Assistant Solicitor-General*, for appellee.