S10A0638. HOLLINS v. THE STATE.

(695 SE2d 23)

MELTON, Justice.

Following the trial court's denial of his motion for an out-of-time appeal, Khari Leon Hollins appeals, arguing that he received ineffective assistance of counsel. Because this issue has been previously adjudicated in habeas corpus proceedings, we affirm.

In relevant part, Hollins pled guilty to felony murder and was sentenced to life imprisonment on June 3, 1994. Hollins filed a petition for writ of habeas corpus on January 20, 1999, contending that his guilty plea was unknowing and involuntary due to ineffective assistance of counsel. A review of the habeas appellate record filed in this Court shows that the habeas court determined that Hollins' counsel represented him effectively and competently, and Hollins' petition for writ was denied on April 11, 2000.[1] Hollins did not appeal this denial, but, instead, he filed a second habeas corpus action, again arguing that he received ineffective assistance of counsel with regard to his guilty plea. This petition for writ was dismissed as successive on July 2, 2004. Hollins next filed a motion for an out-of-time appeal on July 1, 2009, once more alleging ineffective assistance of counsel. This motion was summarily denied on October 22, 2009, and Hollins now appeals, repeating enumerations that his counsel was ineffective.

An out-of-time appeal is occasionally appropriate, where, due to ineffective assistance of counsel, no appeal has been taken. *Hunter v. State,* 260 Ga. 762 (399 SE2d 921) (1991). Pretermitting whether Hollins has raised issues that can be addressed through a motion for an out-of-time appeal, in this case, the issue of ineffective assistance of counsel was decided adversely to Hollins at his first habeas corpus hearing, and that decision is conclusive on the issue. Id. Hollins cannot revisit these issues through a motion for an out-of-time appeal. In addition, although Hollins raises additional enumerations regarding procedures followed by the trial court, these remaining

---

[1] "[T]his Court may take judicial notice of the records of other cases before this Court, in the interest of doing substantial justice and as a means of judicial economy." *Simmons v. State,* 276 Ga. 525, 526, n. 3 (579 SE2d 735) (2003).

enumerations of error have been waived because it is well settled that "[e]rrors not raised in the trial court will not be heard on appeal." (Citations omitted.) *Earnest v. State*, 262 Ga. 494, 495 (1) (422 SE2d 188) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 2010 —
RECONSIDERATION DENIED JUNE 1, 2010.

Khari L. Hollis, *pro se.*

*Ashley Wright, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.