## A11A1391. FORD v. THE STATE.
(717 SE2d 676)

SMITH, Presiding Judge.

Joe Nathan Ford pled guilty to aggravated assault and possession of a knife during the commission of a crime and was sentenced

---

to serve ten years of a twenty-five-year sentence. Ford appeals, pro se, from the trial court's denial of his motion to withdraw his guilty plea. For the following reasons, we reverse and remand this case to the trial court.

1. Ford complains that the trial court failed to appoint him counsel for purposes of his motion to withdraw his guilty plea. Ford was represented by private counsel when he entered his guilty plea. The record reveals that several days later, Ford sent a letter, dated March 8, 2011, to the "indigent case manager" requesting assistance to withdraw the plea. At the bottom of the letter is a handwritten response from an unknown party that states: "We did not represent you. You had a private attorney." Ford apparently interprets this statement as a denial of his request for counsel. Ford filed a pro se motion to withdraw his guilty plea on the ground that the plea was not knowingly and voluntarily entered because he received ineffective assistance of counsel. He then represented himself at the hearing on the motion to withdraw the plea. Following that hearing, the trial court denied Ford's motion to withdraw his plea.

In *Fortson v. State*, 272 Ga. 457 (532 SE2d 102) (2000), the Georgia Supreme Court held that a proceeding to withdraw a guilty plea is a critical stage of a criminal prosecution, id. at 459 (1), and that "the right to counsel attaches when a defendant seeks to withdraw a guilty plea, thus entitling that defendant to assistance of counsel."[1] Id. at 460 (1). The court held further that the trial court has an obligation to provide counsel or to obtain a constitutionally valid waiver of counsel from the defendant who sought to withdraw his guilty plea. Where the trial court has failed to do either, the absence of counsel is prejudicial and "the harmless error doctrine would be inappropriate" where as here the defendant has asserted that his guilty plea was not knowingly and voluntarily entered. Id. at 460-461 (2).

Because Ford was not appointed counsel for his motion to withdraw his plea, the record does not reveal that the court informed him of his right to counsel, and no waiver of counsel appears in the record, "we reverse and remand this case to the trial court for a re-hearing on [Ford's] motion to withdraw his guilty plea to be conducted in conformity with this opinion." *Fortson*, supra, 272 Ga. at 461 (2); *Kennedy v. State*, 267 Ga. App. 314, 314-315 (599 SE2d 290) (2004).

2. Ford's remaining enumerations are rendered moot by our holding in Division 1.

---

[1] This right extends through the direct appeal of an order denying the defendant's motion to withdraw his plea. *Murray v. State*, 265 Ga. App. 119, 120 (592 SE2d 898) (2004).

*Judgment reversed and case remanded. Mikell and Dillard, JJ., concur.*

DECIDED OCTOBER 14, 2011.

Joe N. Ford, *pro se.*
Leigh E. Patterson, *District Attorney, Finnis K. Salmon, Assistant District Attorney*, for appellee.