**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

August 14, 2012

# In the Court of Appeals of Georgia

A12A1263. DOUGLAS v. THE STATE.

MCFADDEN, Judge.

Troy Douglas appeals the denial of his motion to withdraw his guilty plea to possession of cocaine with intent to distribute. Because, as the state concedes, the record does not reflect that Douglas knowingly waived his right to counsel during the plea withdrawal proceedings, we reverse the order denying his motion and remand the case for further proceedings.

Douglas was represented by counsel when he entered his guilty plea. Twenty-four days later, he filed a pro se motion to withdraw his guilty plea, asserting that he had received ineffective assistance of counsel. Without addressing the merits of Douglas's motion, the trial court denied the motion on the ground that Douglas --

who was proceeding pro se and was presumably incarcerated at the time -- failed to appear at the hearing. Douglas appealed.

1. In *Fortson v. State*, 272 Ga. 457 (532 SE2d 102) (2000), the Georgia Supreme Court held that a proceeding to withdraw a guilty plea is a critical stage of a criminal prosecution, id. at 459 (1), and that "the right to counsel attaches when a defendant seeks to withdraw a guilty plea, thus entitling that defendant to assistance of counsel." Id. at 460 (1). The court further held that the trial court has an obligation to provide counsel or to obtain a constitutionally valid waiver of counsel from a defendant who seeks to withdraw his guilty plea. Id. at 459 (1).

> Because [Douglas] was not appointed counsel for his motion to withdraw his plea, the record does not reveal that the court informed him of his right to counsel, and no waiver of counsel appears in the record, "we reverse and remand this case to the trial court for a re-hearing on [Douglas's] motion to withdraw his guilty plea to be conducted in conformity with this opinion." *Fortson*, supra, 272 Ga. at 461 (2); *Kennedy v. State*, 267 Ga. App. 314, 314-315 (599 SE2d 290) (2004).

*Ford v. State*, 312 Ga. App. 80, 81 (1) (717 SE2d 676) (2011).

2. Douglas's remaining enumerations of error are rendered moot by our holding in Division 1. *Ford*, 312 Ga. App. at 81 (2).

*Judgment reversed and case remanded. Barnes, P. J., and Adams, J., concur.*

2