## S13A0860. BARNES v. THE STATE.
### (744 SE2d 795)

THOMPSON, Presiding Justice.

In 1993, appellant Joseph Barnes was found guilty of malice murder, two counts of felony murder and armed robbery. His convictions were affirmed by this Court, but his death sentence was vacated based on a finding that the trial court improperly restricted the scope of mitigating evidence presented at the sentencing phase. *Barnes v. State*, 269 Ga. 345, 360-361 (496 SE2d 674) (1998). After the case was remanded for a new sentencing trial on the malice murder conviction, appellant entered into a sentencing agreement in which he agreed to plead guilty and accept a sentence of life without parole in exchange for the State's withdrawal of its notice of intent to seek the death penalty. Pursuant to this agreement, in November 1999, appellant was sentenced to life without parole for malice murder. This Court affirmed the trial court's denial of appellant's pro se motion for out-of-time appeal in *Barnes v. State*, 291 Ga. 831 (732 SE2d 752) (2012). In that appeal, we specifically rejected appellant's arguments that his sentence for malice murder was illegal because it was contrary to the agreement and Georgia law. Id. at 833. In November 2012, appellant filed and the trial court denied a motion for appointment of counsel to assist with the filing and presentation of a motion to withdraw his guilty plea. He appeals, and for the reasons that follow, we affirm.

Appellant contends the trial court erred by denying his request for appointment of counsel. Relying on our decision in *Fortson v. State*, 272 Ga. 457 (1) (532 SE2d 102) (2000), he argues that a proceeding to withdraw a guilty plea is a critical stage of the prosecution, and he is, therefore, entitled to appointed counsel. The State argues appellant was required to file his motion to withdraw in the same term in which he was sentenced and that his motion is 14 years late.

While *Fortson* clearly holds that the Sixth Amendment right to counsel attaches to the preparation and presentation of a motion to withdraw a guilty plea filed within the same term of court in which a criminal conviction is rendered, id., once the term of court in which a defendant is legally sentenced has expired, the only available means for a defendant to withdraw a guilty plea is by filing a petition for habeas corpus. *Rubiani v. State*, 279 Ga. 299 (612 SE2d 798) (2005). See *Kaiser v. State*, 285 Ga. App. 63, 67-68 (646 SE2d 84) (2007) (court may grant motion for withdrawal filed outside term of court in which sentence is imposed where that sentence is void and motion is filed prior to resentencing). Appellant's sentences were imposed in 1993 and 1999. Contrary to appellant's arguments, the validity of the

sentencing agreement and his previous sentence for armed robbery has been upheld by this Court. See *Barnes v. State*, supra, 291 Ga. at 833; *Barnes v. State*, supra, 269 Ga. 345 (27). Any future motion to withdraw, therefore, would be untimely, and the trial court would be without jurisdiction to consider it. *Rubiani*, supra, 279 Ga. at 299 ("'when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea.' [Cit.]"). A court does not abuse its discretion by denying a motion seeking appointed counsel to assist in the filing of an untimely motion to withdraw over which the court will lack jurisdiction.[1] See *Coleman v. State*, 256 Ga. 77 (2) (343 SE2d 695) (1986) (trial court may within its discretion deny request for appointed counsel on motion to withdraw guilty plea filed outside term of court at which conviction is rendered).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 17, 2013 —
RECONSIDERATION DENIED JULY 11, 2013.

Joseph M. Barnes, *pro se*.

Layla H. Zon, *District Attorney*, Christopher M. DeNeve, *Assistant District Attorney*, Samuel S. Olens, *Attorney General*, Patricia B. Attaway Burton, *Deputy Attorney General*, Paula K. Smith, *Senior Assistant Attorney General*, for appellee.

---

[1] Appellant's motion cannot be construed as a motion seeking appointment of counsel to assist with the filing of a petition for habeas corpus as it was filed in the county in which he was convicted rather than the county in which he is incarcerated. OCGA § 9-14-43. Even if it could be so construed, a habeas corpus proceeding is a collateral, civil proceeding to which there is no right to appointed counsel. See *Gibson v. Turpin*, 270 Ga. 855, 857 (513 SE2d 186) (1999).