**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 20, 2014**

# In the Court of Appeals of Georgia

A14A0916. DURHAM v. THE STATE.                                  DO-034 C

DOYLE, Presiding Judge.

Travis Tyrone Durham pleaded guilty to trafficking in cocaine and possession of cocaine with intent to distribute. Fifteen days later, Durham, acting pro se, moved to withdraw his guilty plea, arguing that his guilty plea was involuntary and requesting legal representation and a hearing on his motion. Durham later filed two amended motions to withdraw his guilty plea, asserting additional grounds. Thereafter, the trial court denied his motions without a hearing, without appointing Durham counsel, without informing him of his right to counsel, and without obtaining a valid waiver of Durham's right to counsel during the proceeding on the motion to withdraw his guilty plea.

1. Durham now appeals, contending that he was denied his Sixth Amendment right to counsel during the proceedings on his motion to withdraw his guilty plea. As the State concedes, this case is controlled by *Fortson v. State*,[1] which

> held that a proceeding to withdraw a guilty plea is a critical stage of a criminal prosecution, and "the right to counsel attaches when a defendant seeks to withdraw a guilty plea, thus entitling that defendant to assistance of counsel." Thus, the Court reasoned, the trial court must inform the defendant of the right to counsel and ascertain whether that right has been waived. [Absent a valid waiver, the defendant is entitled to legal counsel.] The Court in *Fortson* also rejected application of the harmless error analysis, being "instead persuaded by those majority of cases holding that reversal and remand is the appropriate remedy for violations of this constitutional right."[2]

In light of Durham's unheeded request for counsel and a hearing, "we reverse and remand this case to the trial court for a [hearing] on [Durham's] motion to withdraw his guilty plea to be conducted in conformity with [*Fortson*]."[3]

---

[1] 272 Ga. 457 (532 SE2d 102) (2000).

[2] *Kennedy v. State*, 267 Ga. App. 314, 314-315 (599 SE2d 290) (2004), quoting *Fortson*, 272 Ga. at 460 (1) & 461 (2). See also dissenting opinion in *Fortson*, 272 Ga. at 462, finding no merit in the substance of Fortson's motion to withdraw his guilty plea.

[3] *Fortson*, 272 Ga. at 461 (2).

2. Durham's remaining enumerations of error are moot in light of our holding in Division 1.[4]

*Judgment reversed and case remanded. Miller and Dillard, JJ., concur.*

---

[4] See *Ford v. State*, 312 Ga. App. 80, 81 (2) (717 SE2d 676) (2011).