**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**April 17, 2015**

# In the Court of Appeals of Georgia

A15A0776, A15A0777. WALKER v. THE STATE.

MCFADDEN, Judge.

Marcus Walker pleaded guilty to trafficking in cocaine and sale of cocaine. Within the same term of court, and acting pro se, he moved to withdraw his guilty plea, arguing, among other things, that his plea was involuntary and requesting legal representation and a hearing on his motion. See *Rubiani v. State*, 279 Ga. 299 (612 SE2d 798) (2005); OCGA § 15-6-3 (14) (B). In the next term of court, Walker, still acting pro se, filed a "motion to overturn" his convictions.

After conducting a hearing, the trial court denied the motions, and Walker filed these appeals.

1. *Motion to withdraw*.

Walker moves to remand Case No. A15A0777, the appeal of the denial of his motion to withdraw his guilty pleas. To its credit, the state concedes that the trial courts's order should be reversed and the case remanded for a hearing.

In *Fortson v. State*, 272 Ga. 457 (532 SE2d 102) (2000), our Supreme Court held that a proceeding to withdraw a guilty plea is a critical stage of a criminal prosecution, id. at 459 (1), and that "the right to counsel attaches when a defendant seeks to withdraw a guilty plea, thus entitling that defendant to assistance of counsel." Id. at 460 (1). The court further held that the trial court has an obligation to provide counsel or to obtain a constitutionally valid waiver of counsel from a defendant who seeks to withdraw his guilty plea. Id. at 459.

The transcript of the hearing on Walker's motion shows that the trial court conducted the hearing without appointing Walker counsel, without informing him of his right to counsel, and without obtaining a valid waiver of Walker's right to counsel. Consequently,

> [b]ecause [Walker] was not appointed counsel for his motion to withdraw his plea, the record does not reveal that the court informed him of his right to counsel, and no waiver of counsel appears in the record, we reverse and remand this case to the trial court for a re-hearing on [Walker's] motion to withdraw his guilty plea to be conducted in conformity with this opinion.

2

*Douglas v. State*, 317 Ga. App. 425, 426 (1) (731 SE2d 109) (2012) (citations and punctuation omitted).

2. *Motion to overturn.*

In Case No. A15A0776, Walker appeals from the denial of his "motion to overturn conviction," which the trial court treated as a motion to withdraw guilty plea. Given our holding in Division 1, we dismiss this appeal as redundant. *Waugh v. State*, 263 Ga. 692 (1) (437 SE2d 297) (1993).

*Judgment reversed and case remanded in Case No. A15A0777. Appeal dismissed in Case No. A15A0776. Ellington, P. J., and Dillard, J., concur.*