A16A0107. OWENS v. THE STATE.
(782 SE2d 321)

BARNES, Presiding Judge.

Markel Owens appeals the trial court's order denying his motion to withdraw his guilty plea. For the reasons discussed below, we reverse the trial court's order and remand for further proceedings consistent with *Fortson v. State*, 272 Ga. 457 (532 SE2d 102) (2000).

The record reflects that in June 2014, Owens pled guilty to and was sentenced for armed robbery, aggravated assault, burglary, and three counts of possession of a firearm during the commission of a crime. Within the same term of court, and acting pro se, Owens moved to withdraw his guilty plea. See OCGA § 15-6-3 (11) (terms of court for Cobb Judicial Circuit); *Lay v. State*, 289 Ga. 210, 212 (2) (710 SE2d

---

[27] See *Caffee*, 291 Ga. at 34 (3).

141) (2011) ("A motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea."). The trial court denied Owens' motion without a hearing. Owens was not appointed counsel for his motion to withdraw his guilty plea, the record does not reflect that he was advised of his right to counsel, and no waiver of his right to counsel appears in the record.

1. On appeal, Owens contends that the trial court's denial of his motion to withdraw his guilty plea must be reversed and the case remanded because he was not appointed counsel and no valid waiver of his right to counsel was obtained. To its credit, the State concedes that the case must be remanded pursuant to the Supreme Court of Georgia's decision in *Fortson*, 272 Ga. 457. Accordingly, we reverse and remand this case to the trial court for a hearing on Owens' motion to withdraw his guilty plea to be conducted in conformity with the opinion in *Fortson*, 272 Ga. at 461 (2). See *Walker v. State*, 332 Ga. App. 256, 257 (1) (771 SE2d 905) (2015); *Durham v. State*, 329 Ga. App. 312, 313 (1) (764 SE2d 898) (2014); *Douglas v. State*, 317 Ga. App. 425, 425-426 (1) (731 SE2d 109) (2012); *Kennedy v. State*, 267 Ga. App. 314, 314-315 (599 SE2d 290) (2004).

2. Owens' remaining enumeration of error is moot in light of our decision in Division 1.

*Judgment reversed and case remanded. Boggs and Rickman, JJ., concur.*

DECIDED JANUARY 27, 2016.

*Raina J. Nadler*, for appellant.
*D. Victor Reynolds, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.