**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 27, 2016**

# In the Court of Appeals of Georgia

A16A0107. OWENS v. THE STATE.

BARNES, Presiding Judge.

Markel Owens appeals the trial court's order denying his motion to withdraw his guilty plea. For the reasons discussed below, we reverse the trial court's order and remand for further proceedings consistent with *Fortson v. State*, 272 Ga. 457 (532 SE2d 102) (2000).

The record reflects that in June 2014, Owens pled guilty to and was sentenced for armed robbery, aggravated assault, burglary, and three counts of possession of a firearm during the commission of a crime. Within the same term of court, and acting pro se, Owens moved to withdraw his guilty plea. See OCGA § 15-6-3 (11) (terms of court for Cobb Judicial Circuit); *Lay v. State*, 289 Ga. 210, 212 (2) (710 SE2d 141) (2011) ("A motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea."). The trial court denied Owens' motion without a hearing. Owens was not appointed counsel for his motion to

withdraw his guilty plea, the record does not reflect that he was advised him of his right to counsel, and no waiver of his right to counsel appears in the record.

1. On appeal, Owens contends that the trial court's denial of his motion to withdraw his guilty plea must be reversed and the case remanded because he was not appointed counsel and no valid waiver of his right to counsel was obtained. To its credit, the State concedes that the case must be remanded pursuant to the Supreme Court of Georgia's decision in *Fortson*, 272 Ga. 457. Accordingly, we reverse and remand this case to the trial court for a hearing on Owens' motion to withdraw his guilty plea to be conducted in conformity with the opinion in *Fortson*, 272 Ga. at 461 (2). See *Walker v. State*, 332 Ga. App. 256, 257 (1) (771 SE2d 905) (2015); *Durham v. State*, 329 Ga. App. 312, 313 (1) (764 SE2d 898) (2014); *Douglas v. State*, 317 Ga. App. 425, 425-426 (1) (731 SE2d 109) (2012); *Kennedy v. State*, 267 Ga. App. 314, 314-315 (599 SE2d 290) (2004).

2. Owens' remaining enumeration of error is moot in light of our decision in Division 1.

*Judgment reversed and remanded. Boggs and Rickman, JJ., concur.*