**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 21, 2018**

# In the Court of Appeals of Georgia

A17A1846. NGO v. THE STATE.

ELLINGTON, Presiding Judge.

Phu Sy Ngo pleaded guilty to one count of burglary in the Superior Court of Gwinnett County. He then filed, within the same term of court, a pro se motion to withdraw his guilty plea. During the motion hearing, Ngo asked that counsel be appointed to assist him with his motion to withdraw. The trial court denied Ngo's request for appointment of counsel and then denied his motion to withdraw the guilty plea. On appeal, Ngo claims that the trial court erred in failing to either provide counsel to assist in his motion to withdraw his plea or to inquire as to whether he had waived his right to counsel. We agree and reverse and remand with direction.

If filed within the same term of court, the Sixth Amendment's "right to counsel attaches when a defendant seeks to withdraw a guilty plea, thus entitling that

defendant to assistance of counsel." *Fortson v. State*, 272 Ga. 457 (1) (532 SE2d 102) (2000). See *Barnes v. State*, 293 Ga. 365 (744 SE2d 795) (2013) ("[T]he Sixth Amendment right to counsel attaches to the preparation and presentation of a motion to withdraw a guilty plea filed within the same term of court in which a criminal conviction is rendered[.]") (citation omitted). Thus, the trial court has an obligation to provide counsel or to obtain a constitutionally valid waiver of counsel from a defendant who seeks to withdraw his guilty plea. See *Fortson v. State*, 272 Ga. at 458-460 (1). Rather than doing so in this case, the trial court denied Ngo's express request for assistance of counsel in pursuing his motion to withdraw.

The State acknowledges that the trial court erred in denying Ngo's request for assistance of counsel, but it argues that the error was constitutionally harmless. The application of the harmless error doctrine, however, is inappropriate where the defendant asserts that his guilty plea was not knowingly and voluntarily entered. See *Fortson v. State*, 272 Ga. at 460 (2); *Platt v. State*, 342 Ga. App. 664, 667 (1) (805 SE2d 112) (2017). Here, Ngo asserted in his motion to withdraw that, among other things, his guilty plea was not knowingly and voluntarily entered, and so the absence of counsel in this case is deemed prejudicial. See *Fortson v. State*, 272 Ga. at 460 (2). Accordingly,

because [Ngo] was not appointed counsel for his motion to withdraw his plea, the record does not reveal that the court informed him of his right to counsel, and no waiver of counsel appears in the record, we reverse and remand this case to the trial court for a re-hearing on [Ngo's] motion to withdraw his guilty plea to be conducted in conformity with this opinion.

(Citations and punctuation omitted.) *Douglas v. State*, 317 Ga. App. 425, 426 (1) (731 SE2d 109) (2012). See *Owens v. State*, 335 Ga. App. 537, 538 (1) (782 SE2d 321) (2016); *Walker v. State*, 332 Ga. App. 256, 257 (1) (771 SE2d 905) (2015).

*Judgment reversed and case remanded with direction. Andrews and Rickman, JJ., concur*.