**FOURTH DIVISION**
**MERCIER, C. J.,**
**DILLARD, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 1, 2025**

# In the Court of Appeals of Georgia

A25A0534. CLEMONS v. STATE.

MERCIER, Chief Judge.

Stephon Clemons entered a non-negotiated guilty plea to aggravated assault and entering an automobile, and he pled guilty pursuant to *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970),[1] to possession of a firearm during the comission of a felony and possession of a firearm by a convicted felon. Within the

---

[1] Under *Alford*, "[a]n individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." 400 U. S. at 37. A trial court may accept an *Alford* plea and enter a judgment of conviction as long as there is a sufficient factual basis for the plea. See id. at 38 (n.10).

same term of court,[2] Clemons filed a pro se motion to withdraw his guilty plea. Following a hearing at which Clemons remained unrepresented, the trial court denied the motion. On appeal, Clemons, again acting pro se, argues that, because his appointed counsel was ineffective, his plea was not knowingly and voluntarily entered. Because Clemons was not informed of his right to be represented by counsel during the plea withdraw proceedings, we reverse and remand.

1. "[T]he right to counsel attaches when a defendant seeks to withdraw a guilty plea, thus entitling that defendant to assistance of counsel." *Fortson v. State*, 272 Ga. 457, 460 (1) (532 SE2d 102) (2000). Clemons filed a pro se motion to withdraw his guilty plea, alleging that he received ineffective assistance of counsel during the entering of his guilty plea. Prior to the hearing for his motion to withdraw his guilty plea, Clemons requested that he be appointed counsel. And at the beginning of the hearing, the State brought Clemons's request to the court's attention.

However, the transcript shows that the trial court conducted the hearing without appointing Clemons counsel, without informing him of his right to counsel,

---

[2] Clemons was sentenced in Morgan County on June 12, 2024 and he filed his pro se motion to withdraw his guilty plea on July 3, 2024. See OCGA § 15-6-3 (28) (F) (Morgan County court terms are the "First Monday in March, June, September, and December.")

and without obtaining a valid waiver of Clemons's right to counsel. See *Ngo v. State*, 344 Ga. App. 635, 635 (811 SE2d 440) (2018) ("[T]he trial court has an obligation to provide counsel or to obtain a constitutionally valid waiver of counsel from a defendant who seeks to withdraw his guilty plea."). Because Clemons asserts that his guilty plea was not knowingly and voluntarily entered, the denial of counsel is deemed prejudicial. *Fortson*, 272 Ga. at 461 (2). As such, we reverse and remand the case to the trial court for a re-hearing on Clemons's motion to withdraw his guilty plea to be conducted in conformity with *Fortson*. Id.; see also *Ngo*, 344 Ga. App. at 635; *Douglas v. State*, 317 Ga. App. 425, 426 (1) (731 SE2d 109) (2012).

2. Clemons's remaining arguments are rendered moot by our holding in Division I. See *Douglas*, 317 Ga. App. at 426 (2).

*Judgment reversed and case remanded. Dillard, P. J., and Land, J., concur.*